**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

AMERICAN CHEMISTRY COUNCIL, *et al.*,

    *Plaintiffs*,

    v.

JAMES C. KENNEY, *in his official capacity as Secretary of New Mexico Environment Department*; and RAÚL TORREZ, *in his official capacity as Attorney General of New Mexico*,

    *Defendants*.

Case No. 1:26-cv-02130-KRS-SCY

**PARTIAL CONSENT MOTION OF THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Pursuant to Rule 7(b)(1) of the Federal Rules of Civil Procedure and Local Rule 7.1 of the District of New Mexico Local Rules of Civil Procedure ("Local Rules"), the Chamber of Commerce of the United States of America hereby respectfully moves for leave to file an *amicus curiae* brief (attached to this Motion as **Exhibit 1**) in support of Plaintiffs' Motion for a Preliminary Injunction. *See* ECF No. 3. In accordance with Local Rule 7.1(a), the Chamber sought the concurrence of the parties to file this Motion. Plaintiffs consent to the relief the Chamber requests in this Motion; as of the time of this filing, Defendants have not responded.

The Court has "wide discretion" to permit the filing of *amicus* briefs, *United States v. Bd. of Cnty. Comm'rs of Cnty. of Otero*, 184 F. Supp. 3d 1097, 1115 (D.N.M. 2015), and it regularly

does so.[1]  "Although no Federal Rule of Civil Procedure" (nor any Local Rule) "governs amicus participation in a district court case, district courts commonly look for guidance to Federal Rule of Appellate Procedure 29, which governs amicus curiae briefs in the United States Circuit Courts of Appeal[s]." *Id.*  And under Rule 29, a motion for leave to file an *amicus curiae* brief must state (1) "the movant's interest" and (2) "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case."  Fed. R. App. P. 29(a)(3).  Both considerations favor granting the Chamber leave to file its *amicus* brief.

*First*, the Chamber is the world's largest business organization.  It represents companies and professional organizations of every size, in every industry sector, and from every region of the country.  An important function of the Chamber is to represent the interests of its members in the courts.  To that end, the Chamber regularly files *amicus* briefs in cases that raise issues of concern to the nation's business community—including cases involving government action that threatens to restrict or otherwise burden the First Amendment freedoms of the Chamber's members.[2]  And as the Chamber explains in its *amicus* brief, New Mexico's PFAS Disclosure Mandate imposes

---

[1] *See, e.g.*, *United States v. Abousleman*, 817 F. Supp. 3d 1202, 1204 (D.N.M. 2025); *Gospel Light Mennonite Church Med. Aid Plan v. N.M. Off. of Superintendent of Ins.*, No. 1:23-cv-00276-MLG-KK, 2023 WL 4546544, at *2 (D.N.M. July 14, 2023); *Legacy Church, Inc. v. Kunkel*, 472 F. Supp. 3d 926, 936 (D.N.M. 2020); *New Mexico v. Dep't of the Interior*, No. 1:14-cv-00695-JAP/SCY, 2014 WL 12787908, at *2 (D.N.M. Sep. 25, 2014); *ACLU of N.M. v. Santillanes*, 506 F. Supp. 2d 598, 608 (D.N.M. 2007), *rev'd on other grounds*, 546 F.3d 1313 (10th Cir. 2008); *Forest Guardians v. Bureau of Land Mgmt.*, 188 F.R.D. 389, 396 (D.N.M. 1999).

[2] *See, e.g.*, Br. of *Amicus Curiae* Chamber of Commerce of U.S. Supp. Pet'rs, *Powell v. SEC*, No. 25-1100 (U.S. Apr. 20, 2026); Br. of Chamber of Commerce of U.S. as *Amicus Curiae* Supp. Pls.-Appellants, *Uber Techs., Inc. v. Maplebear, Inc.*, No. 25-228 (9th Cir. Feb. 18, 2025); Unopp. Mot. for Leave to File *Amici Curiae* Br. of Bus. Trade Ass'ns Supp. Pls.' Mot. Temporary Restraining Order & Prelim. Inj., *Am. Chem. Council, Inc. v. Bonta*, No. 1:24-cv-01533-APM (D.D.C. June 20, 2024), ECF No. 21.

substantial, nationwide compliance costs while compelling speech that distorts rather than informs. *See generally* **Exhibit 1**. For this reason, granting the Chamber leave to file is warranted. *See, e.g.*, *New Mexico v. Dep't of the Interior*, 2014 WL 12787908, at \*2 (granting leave to file an *amicus* brief in light of the movant's "weighty interest in the outcome of this litigation").

*Second*, the Chamber's *amicus* brief draws on its expertise with litigation on First Amendment issues posed by labeling and disclosure requirements akin to the Mandate. *See, e.g.*, Br. of *Amici Curiae* Chamber of Commerce of U.S. & Wash. Legal Found. Supp. Pls.' Mot. Prelim. Inj., *Am. Beverage Ass'n v. Paxton*, No. 6:25-cv-00566-ADA-DTG (W.D. Tex. Dec. 20, 2025), ECF No. 13 (explaining why state law mandating warning label on food products violated the First Amendment), *preliminary injunction granted*, 820 F. Supp. 3d 494, 501 (W.D. Tex. 2026) (citing the Chamber's *amicus* brief and agreeing that *Zauderer*'s "test does not apply here"), *appealed*, No. 26-50192 (5th Cir. Mar. 10, 2026). The *amicus* brief draws on that expertise to explain why the Mandate violates the First Amendment. *See generally* **Exhibit 1**. The Chamber's *amicus* brief thus provides a beneficial, broad-based perspective and additional analysis on the First Amendment arguments advanced by Plaintiffs in their Motion for a Preliminary Injunction. *See, e.g.*, ECF No. 3 at 11–25. For this reason as well, granting the Chamber leave to file is warranted. *See, e.g.*, *Legacy Church*, 472 F. Supp. 3d at 936 (granting leave to file *amicus* briefs in light of the movants' "expertise in First Amendment law that will aid the Court in determining the issues before it").

For these reasons, the Chamber respectfully requests that the Court grant this Motion, giving the Chamber leave to file the *amicus* brief accompanying this Motion in support of Plaintiffs' Motion for a Preliminary Injunction.

Respectfully submitted,

/s/ *Jeremy J. Broggi*

Jeremy J. Broggi (*pro hac vice* pending)
Joel S. Nolette (*pro hac vice* pending)
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
T: (202) 719-7000
F: (202) 719-7049
jbroggi@wiley.law
jnolette@wiley.law

Todd E. Rinner
SNELL & WILMER LLP
201 Third St. NW #1950
Albuquerque, NM 87102
T: (520) 882-1200
trinner@swlaw.com

*Counsel for Proposed* Amicus Curiae
*Chamber of Commerce of the United States
of America*

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2026, I caused the foregoing Motion to be filed electronically with the Clerk of the Court and served on the parties of record through the Court's CM/ECF system.

Todd E. Rinner