**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| AMERICAN CHEMISTRY COUNCIL, ALLIANCE FOR AUTOMOTIVE INNOVATION, AMERICAN COATINGS ASSOCIATION, ASSOCIATION OF HOME APPLIANCE MANUFACTURERS, NATIONAL ASSOCIATION OF MANUFACTURERS, NATIONAL ELECTRICAL MANUFACTURERS ASSOCIATION, NATIONAL FEDERATION OF INDEPENDENT BUSINESS, INC., NEW MEXICO RETAIL ASSOCIATION, and POWER TOOL INSTITUTE,<br><br>*Plaintiffs*,<br><br>v.<br><br>JAMES C. KENNEY, *in his official capacity as Secretary of New Mexico Environment Department*; and RAÚL TORREZ, *in his official capacity as Attorney General of New Mexico*,<br><br>*Defendants*. | Case No. 1:26-cv-02130-MIS-SCY |

**PLAINTIFFS' OPPOSED MOTION FOR LEAVE TO FILE SURREPLY**

Pursuant to D.N.M.LR-Civ. 7.4(b), Plaintiffs respectfully move this Court for leave to file a surreply not to exceed five (5) pages in length in opposition to Defendants' Motion to Dismiss. A copy of Plaintiffs' proposed surreply is attached hereto as **Exhibit 1**. As grounds for this request, Plaintiffs state as follows:

1. On August 28, 2026, Defendants filed their Motion to Dismiss Plaintiffs' Complaint Under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Doc. 42 (the "Motion"). Plaintiffs responded to the Motion on September 11, 2026. Doc. 45 (the "Response").

Five days later, on September 16, 2026, this Court issued a Memorandum Opinion and Order (the "PI Order") granting Plaintiffs' Motion for Preliminary Injunction. Doc. 46.

2. Because the PI Order had not yet been issued when Defendants filed the Motion, or when Plaintiffs filed their Response, neither brief addressed any aspect of the PI Order.

3. On September 25, 2026, Defendants filed their Reply in support of the Motion. Doc. 47 (the "Reply"). Unlike the Motion or the Response, the Reply speaks directly to the substance of the PI Order and the conclusions contained therein. In the Reply, Defendants expressly "ask the Court to reconsider" its conclusion "that the label likely does not survive *Zauderer*'s rational basis inquiry." Doc. 47 at 5. The Reply even goes so far as to as the Court to consider "dissolving the [preliminary] injunction." *Id.*

4. By addressing the PI Order and arguing for reconsideration of certain conclusions contained therein, the Reply raises matters not addressed in the Motion or the Response and requests a new form of relief. In the absence of a surreply, Plaintiffs will be afforded no opportunity to address these new issues and the newly requested relief. *See Duron v. Pilot Corp.*, No. 24-cv-01004-GJF-JHR, 2025 U.S. Dist. LEXIS 113455, at *7 (D.N.M. June 13, 2025) ("This circuit and district have consistently held that arguments raised for the first time in a party's reply are untimely and subject to waiver."); *see also Cmty. Bank v. Jefferies*, No. 26-136 SCY/JMR, 2026 U.S. Dist. LEXIS 100566, at *11 (D.N.M. May 5, 2026) ("The Court is not inclined to grant relief requested in a reply brief without first providing the opposing party an opportunity to address the relief requested.")

5. Whether to permit the filing of a surreply lies within the Court's discretion. *Perna v. Bd. of Cty. Comm'rs of the Cty. of Bernalillo*, No. 1:22-cv-00292-MLG-KRS, 2023 U.S. Dist. LEXIS 236896, at *3 (D.N.M. Apr. 10, 2023). A surreply is appropriate when the moving party

has raised new arguments or cited new evidence in its reply. *See Flynn v. Colonial Mgmt. Grp.*, No. 1:23-cv-00128-MIS-SCY, 2023 U.S. Dist. LEXIS 195687, at *12 (D.N.M. Oct. 31, 2023) ("A surreply gives the non-moving party an opportunity to respond to new evidence or argument raised for the first time in the movant's reply."); *United States ex rel. State Eng'r v. A & R Prods.*, No. CV 01-0072 MV/JHR, 2021 U.S. Dist. LEXIS 162473, at *13 (D.N.M. Aug. 27, 2021) ("A surreply should be permitted if new facts or arguments are raised in the Reply.")

6. Leave to file a surreply is appropriate here because Defendants have raised new material in their Reply, including a request for new affirmative relief. The brevity and focused nature of the proposed surreply further counsel in favor of granting leave to file.

7. Pursuant to D.N.M.LR-Civ. 7.1(a) Defendants have been consulted for their position on this motion and have confirmed that this motion is opposed.

**CONCLUSION**

For the foregoing reasons, Plaintiffs request that the Court permit the filing of the proposed surreply attached hereto as **Exhibit 1**.

Dated: October 1, 2026

Respectfully submitted,

/s/ John C. Anderson
JOHN C. ANDERSON
**HOLLAND & HART LLP**
215 Lincoln Ave., Suite 100
Santa Fe, NM 87501
Phone: +1 505 988 4421
jcanderson@hollandhart.com

KEVIN P. MARTIN (*pro hac vice*)
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
Phone: +1 617 570 1000
KMartin@goodwinlaw.com

BRIAN T. BURGESS (*pro hac vice*)

ANDREW KIM (*pro hac vice*)
CASSANDRA SNYDER (*pro hac vice*)
NOELLE WILSON (*pro hac vice*)
**GOODWIN PROCTER LLP**
1900 N Street NW
Washington, DC 20036
Phone: +1 202 346 4000
BBurgess@goodwinlaw.com
AndrewKim@goodwinlaw.com
CassandraSnyder@goodwinlaw.com
NWilson@goodwinlaw.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2026, a true and correct copy of the foregoing was electronically filed and served on all parties of record via the Court's CM/ECF system.

*/s/_John C. Anderson__*
JOHN C. ANDERSON