**EXHIBIT 1**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

AMERICAN CHEMISTRY COUNCIL, ALLIANCE FOR AUTOMOTIVE INNOVATION, AMERICAN COATINGS ASSOCIATION, ASSOCIATION OF HOME APPLIANCE MANUFACTURERS, NATIONAL ASSOCIATION OF MANUFACTURERS, NATIONAL ELECTRICAL MANUFACTURERS ASSOCIATION, NATIONAL FEDERATION OF INDEPENDENT BUSINESS, INC., NEW MEXICO RETAIL ASSOCIATION, and POWER TOOL INSTITUTE,

*Plaintiffs*,

v.

JAMES C. KENNEY, *in his official capacity as Secretary of New Mexico Environment Department*; and RAÚL TORREZ, *in his official capacity as Attorney General of New Mexico*,

*Defendants*.

Case No. 1:26-cv-02130-MIS-SCY

**PLAINTIFFS' SURREPLY IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**TABLE OF CONTENTS**

INTRODUCTION ........................................................ 1

I. Defendants Mischaracterize this Court's Preliminary Injunction Order. ........................ 1

II. The Court Should Deny Defendants' Improper Request for Reconsideration. ........................ 4

CONCLUSION ........................................................ 5

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abraham v. Mercedes-Benz USA, LLC*,
2025 WL 458014 (D. Kan. Feb. 11, 2025) ..................... 4

*Anthony v. O'Fallon Twp. High Sch. Dist. 203 Bd. of Educ.*,
712 F. Supp. 3d 1109 (S.D. Ill. 2024) ..................... 2

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007). ..................... 2

*Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*,
562 F.3d 1067 (10th Cir. 2009) ..................... 2

*Cressman v. Thompson*,
719 F.3d 1139 (10th Cir. 2013) ..................... 3

*Harris v. Silva*,
2023 WL 7016654 (E.D. Cal. Oct. 25, 2023) ..................... 2

*Harvey E. Yates Co. v. Cimarex Energy Co.*,
2014 WL 11512599 (D.N.M. Mar. 5, 2014) ..................... 3

*Hatten-Gonzales v. Scrase*,
2023 WL 4976179 (D.N.M. Aug. 3, 2023) ..................... 4

*Just City, Inc. v. Bonner*,
758 F. Supp. 3d 785 (W.D. Tenn. 2024) ..................... 2

*Pueblo of Pojoaque v. Biedscheid*,
689 F. Supp. 3d 1033 (D.N.M. 2023) ..................... 4

*Safe Streets All. v. Hickenlooper*,
859 F.3d 865 (10th Cir. 2017) ..................... 2

## INTRODUCTION

Plaintiffs submit this surreply for the limited purpose of (1) responding to Defendants' characterizations of the Court's preliminary injunction decision, which was issued between Plaintiffs' opposition to Defendants' motion to dismiss and Defendants' reply, and (2) addressing Defendants' request, in a reply brief on Defendants' motion to dismiss, that the Court reconsider its decision on Plaintiffs' motion for preliminary injunction. In short, none of the Court's findings in its order granting the preliminary injunction motion support granting Defendants' motion to dismiss, because the latter—unlike the former—requires the Court to credit all plausible factual allegations and to draw all reasonable inferences in Plaintiffs' favor. Nor does the motion to dismiss briefing provide any basis for the Court to reconsider its preliminary injunction decision. The Court already had Defendants' motion to dismiss and Plaintiffs' opposition by the time it ruled on the preliminary injunction motion. The Court was at least aware of all the arguments the parties were making, and it ruled that Plaintiffs are likely to succeed in the merits of the case. Having just reached that conclusion while aware of the parties' motion to dismiss positions, it would be nonsensical for the Court to now dismiss the case. In any event, it is procedurally improper for Defendants to shoehorn a request for reconsideration of the Court's ruling on a different motion into their reply brief on this motion. If Defendants want reconsideration (which would be frivolous), they should file a proper motion requesting that relief.

## ARGUMENT

### I. Defendants Mischaracterize this Court's Preliminary Injunction Order.

Defendants characterize the Court's preliminary injunction decision as having already concluded that the mandated label is neither purely factual nor uncontroversial and ask the Court

to import those conclusions into its reasoning on their motion to dismiss. *E.g.*, Reply at 1 ("this Court has already rejected Plaintiffs' attempts to manufacture controversy or assign universal 'warning' meaning into the label"); *id*. ("this Court aptly recognized that labels with ingredient or process disclosures are factual and uncontroversial under *Zauderer*").

The Court should reject that invitation to commit legal error, which improperly conflates the standards for (1) a court to grant preliminary injunctive relief, and (2) a court to dismiss a complaint. A preliminary injunction requires a plaintiff to show, among other factors, that it is "substantially likely to succeed on the merits." *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009). The pleading standard, on the other hand, requires the plaintiff to plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In considering a motion to dismiss under Rule 12(b)(6), the district court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to" Plaintiffs. *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (citation omitted).

As courts regularly recognize, those two standards are vastly different. *See, e.g.*, *Anthony v. O'Fallon Twp. High Sch. Dist. 203 Bd. of Educ.*, 712 F. Supp. 3d 1109, 1132 (S.D. Ill. 2024) ("The standard for pleadings and the standard for a preliminary injunction are thus far different."); *Just City, Inc. v. Bonner*, 758 F. Supp. 3d 785, 817–18 (W.D. Tenn. 2024) ("[T]he standard for a plaintiff to survive a motion to dismiss is less demanding than for a plaintiff to show it is entitled to a preliminary injunction."); *Harris v. Silva*, 2023 WL 7016654, at *1 (E.D. Cal. Oct. 25, 2023) (distinguishing "a Plaintiff's ability merely to state a cognizable claim" as "distinct" from "the burden of demonstrating a likelihood of success on the merits for purposes of a preliminary

injunction”).

As explained in Plaintiffs’ opposition, their complaint contains plausible factual allegations sufficient to plead that the mandated label is not purely factual and not uncontroversial. Tellingly, Defendants fail even to acknowledge the Tenth Circuit’s decision in *Cressman v. Thompson*, 719 F.3d 1139, 1154 (10th Cir. 2013), discussed at length in Plaintiffs’ opposition (at 7), in which the Tenth Circuit reversed a district court for failing to credit allegations at the pleading stage that the depiction of an image would be construed by members of the public as conveying a particular message. Here, just as in *Cressman*, the Court must credit Plaintiffs’ allegations about the content of the mandated label for purposes of the motion to dismiss. Indeed, while the allegations in the complaint alone are sufficient, the conclusion that Plaintiffs can at least state a claim with respect to those *Zauderer* factors is only strengthened taking into account the additional material submitted with their preliminary injunction motion, which also must be credited under the motion to dismiss standard. *See* Opp. 6 n.1 (quoting *Harvey E. Yates Co. v. Cimarex Energy Co.*, 2014 WL 11512599, at *2 (D.N.M. Mar. 5, 2014)).

That is true even if the Court had its doubts about the ultimate merits—on those two *Zauderer* factors, not the case as a whole—at the preliminary injunction stage. In that regard, the Court certainly did not suggest that it was deciding these issues as a matter of *law*. To the contrary, the Court highlighted perceived evidentiary shortcomings—the Court’s decision not to credit Plaintiffs’ expert’s declaration and an absence of evidence concerning the views of actual consumers. Dkt. No. 46 at 15 (“Plaintiffs present no evidence that consumers actually find the required Erlenmeyer Flask image to be inflammatory or even that it warns of hazard; rather they present only the declaration of an expert who suggests that generally consumers find some images

to be warnings."). Those evidentiary issues can be addressed during discovery. They are not a basis to dismiss a case *now*, at the pleadings stage.

**II. The Court Should Deny Defendants' Improper Request for Reconsideration.**

Defendants' reply includes a cursory request (at 5 n.4) that the Court "*sua sponte* dissolve the injunction on the grounds presented here." This request that the Court reconsider its preliminary injunction decision is both procedurally improper and substantively unsupported.

It is well-established that parties cannot request new relief in a reply brief—even when intervening events (like a new ruling) occur. *See, e.g.*, *Hatten-Gonzales v. Scrase*, 2023 WL 4976179, at *1 (D.N.M. Aug. 3, 2023) (declining to address request for relief raised for the first time in reply related to new events that occurred since filing the motion, "[s]ince a request for relief must be raised in a motion" (citation omitted)). The Court should simply ignore Defendants' improper reply request. *See, e.g.*, *Abraham v. Mercedes-Benz USA, LLC*, 2025 WL 458014, at *7 (D. Kan. Feb. 11, 2025) ("The court ordinarily 'does not consider relief requested for the first time in a reply brief.'" (citation omitted)).

A motion for reconsideration also only is appropriate when there has been "an intervening change in the controlling law," the discovery of new, previously unavailable evidence, or "to correct clear error or prevent manifest injustice." *Pueblo of Pojoaque v. Biedscheid*, 689 F. Supp. 3d 1033, 1078 (D.N.M. 2023) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). It is not appropriately used "to reargue an issue previously addressed by the court" by "merely advanc[ing] new arguments[] or supporting facts which were available at the time of the original motion." *Id*. (quoting *Servants of Paraclete*, 204 F.3d at 1012).

The Defendants' arguments in support of their motion to dismiss are no basis for the Court

to reconsider its preliminary injunction motion. To start, the Court already had both Defendants' motion to dismiss and Plaintiffs' opposition before it when it issued its preliminary injunction ruling. So nothing in those briefs is even new. Defendants' arguments in their motion to dismiss reply, for their part, simply attack the Court's reasoning either on bases that already were before the court, or that could have been raised and were not. These arguments are no proper basis for reconsideration.

In addition, Defendants' arguments are meritless. The Court's explanation that government mandated speech must be not only purely factual and uncontroversial, but that there also must be a "reasonable fit between the means the state employs to achieve the end, i.e. the state interest," such that "the compelled speech is not so 'unjustified or unduly burdensome'" as to be unconstitutional, is clearly correct. *See* Dkt. No. 46 at 8 (quoting *Zauderer* and *NIFLA*). This is part of the *Zauderer* standard itself and is not mere rational basis review. The Court correctly noted that Defendants were trying to have it both ways, by insisting that the label is not a warning for *Zauderer*'s first two prongs, but then treating it as a warning for the rest of the standard. As the Court aptly concluded, "the Regulation cannot simultaneously, as Schrödinger would have it, be merely a consumer awareness label and not a warning label, and if it is a consumer awareness label it serves to promote consumer curiosity about the contents of various products." *Id*. at 22.

**CONCLUSION**

The Court should deny Defendants' motion to dismiss and Defendants' improper request for reconsideration of the preliminary injunction decision.

Dated: October 1, 2026

Respectfully submitted,

*/s/*___________________
JOHN C. ANDERSON
**HOLLAND & HART LLP**
215 Lincoln Ave., Suite 100
Santa Fe, NM 87501
Phone: +1 505 988 4421
jcanderson@hollandhart.com

KEVIN P. MARTIN (*pro hac vice*)
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
Phone: +1 617 570 1000
KMartin@goodwinlaw.com

BRIAN T. BURGESS (*pro hac vice*)
ANDREW KIM (*pro hac vice*)
CASSANDRA SNYDER (*pro hac vice*)
NOELLE WILSON (*pro hac vice*)
**GOODWIN PROCTER LLP**
1900 N Street NW
Washington, DC 20036
Phone: +1 202 346 4000
BBurgess@goodwinlaw.com
AndrewKim@goodwinlaw.com
CassandraSnyder@goodwinlaw.com
NWilson@goodwinlaw.com

*Counsel for Plaintiffs*