**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| AMERICAN CHEMISTRY COUNCIL, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>JAMES C. KENNEY, *in his official capacity as Secretary of the New Mexico Environment Department*; and RAÚL TORREZ, *in his official capacity as Attorney General of New Mexico*,<br><br>*Defendants.* | Case No.: 1:26-cv-02130-MIS-SCY |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR <u>LEAVE TO FILE SURREPLY</u>**

Defendants hereby respond to Plaintiffs' Opposed Motion for Leave to File Surreply Doc. 48 ("Motion for Leave" or "Mot. for Leave"), which attached Plaintiffs' Proposed Surreply in Support of Opposition to Defendants' Motion to Dismiss. Doc. 48-1 ("Surreply").

**BACKGROUND & SUMMARY OF ARGUMENT**

On July 1, 2026, Plaintiffs filed their Complaint and Motion for Preliminary Injunction. Doc. 1 ("Complaint" or "Compl."); Doc. 3 ("PI Motion"). Defendants filed a Response to the Preliminary Injunction motion on August 3, 2026, and Plaintiffs replied on August 17, 2026. Doc. 32 ("PI Response"); Doc. 37 ("PI Reply"). The Court heard oral argument on the PI Motion on August 27, 2026. *See* Doc. 41. Defendants filed their Motion to Dismiss the next day. Doc. 42 ("Motion to Dismiss," "Motion," or "Mot.").

The Motion argued that New Mexico's PFAS label is purely factual and uncontroversial, that it is not unduly burdensome, and that it "is rationally related to the State's interest in consumer protection, public health, and environmental protection." *See* Mot. at 15–16.

Plaintiffs filed their response to Defendants' Motion on September 11, 2026. Doc. 45 ("Response" or "Resp."). The Response devoted about nine pages to *Zauderer*'s first two prongs, *id.* at 4–13, and argued the label does not survive heightened First Amendment scrutiny, *id.* at 13–15. Plaintiffs chose not to address Defendants' rational basis arguments. *Compare* Mot. at 15–16 *with* Resp. at 13–15.

On September 16, 2026, this Court entered an Order granting Plaintiffs' request for a preliminary injunction. Doc. 46 ("PI Order"). This Court held that, under *Zauderer*, the label is likely factual and uncontroversial and that it is unlikely to unduly burden speech, PI Order at 11–17. However, this Court also held that the label likely does not pass rational basis scrutiny, *id.* at 17–22, and enjoined the labeling requirements while litigation is pending.

Defendants filed the Reply on September 25, 2026. Doc. 47 ("Reply"). The Reply answered the Response's arguments on each *Zauderer* prong, at times citing the PI Order's use of arguments and authorities that Defendants previously submitted. Reply at 1–5. Defendants also highlighted Plaintiffs' failure to respond to rational basis arguments while emphasizing their rational basis arguments in the Motion, in light of the Court's reasoning in the PI Order. *Id.* at 5–8. In that rational basis argument, a footnote observed that the Court "would be well within its equitable power to *sua sponte* dissolve the injunction on the grounds presented here." *Id.* at 5 n.4.

On October 1, 2026, Plaintiffs moved for leave to file the proposed surreply. Plaintiffs argue that Defendants' Reply invites the Court "to commit legal error" by conflating the Rule 12(b)(6) standard with the preliminary injunction standard. Surreply at 1–4. Plaintiffs also argue that the above-referenced footnote is a new request for relief akin to a Rule 60(b) motion for relief from final judgment. *See* Mot. for Leave ¶¶ 3–4; Surreply at 4–5 (citing case law discussing Rule

60(b) standards to support argument that the Reply makes an improper request for new relief).[1] Plaintiffs also suggest that surreply is needed to address the Court's PI Order. Mot. for Leave ¶¶ 2-4. Plaintiffs are wrong for a few reasons.

First, the Reply raised no new material or argument that could warrant surreply. Every issue discussed in the Reply—whether New Mexico's PFAS label is factual and uncontroversial, unduly burdensome, or rationally related to the State's interests—was presented in Defendants' Motion and in prior briefing at the preliminary injunction stage. To that end, Plaintiffs could have made rational basis arguments in their Complaint, PI Motion, PI Reply, oral argument on the PI Motion, and the Response. But Plaintiffs elected not to. And because the PI Order dealt almost exclusively with the same arguments and authorities presented in the Motion, it does not matter that Plaintiffs did not have access to the PI Order at the time they submitted their Response. The portions of the PI Order cited in the Reply reiterated, albeit in the Court's words, the same arguments and authorities that Defendants supplied both at the preliminary injunction stage and in the Motion.

Second, a footnote observing that dismissal as a matter of law should also prompt the Court to lift the injunction is not new evidence, a new legal theory, or a new request for relief. It is a reminder of the inherent relationship between an existing injunction and a subsequent dispositive motion. *See Rutherford v. United States*, 806 F.2d 1455, 1461-62 (10th Cir. 1986) (reversing the district court's injunction where the issue underlying the injunction had been decided in favor of the enjoined party and "the purpose of the injunction no longer exist[ed]"). In other words, granting the Motion would also require lifting the injunction. Mere reference to that built-in relief is not a

---

[1] Plaintiffs distort Defendants' statements. *Compare* Mot. for Leave ¶ 3 ("Defendants expressly 'ask the Court to reconsider' its conclusion 'that the label likely does not survive *Zauderer*'s rational basis inquiry.'") *with* Reply at 5 ("Defendants respectfully ask the Court to reconsider its *reasoning* in that portion of the PI Order, *at least for the purpose of granting Defendants' Motion* . . . .") (emphasis added).

new or separate request for relief that requires another motion, nor is it good cause for more briefing where the determinant legal arguments and authorities have not changed.

Finally, the proposed surreply would not be helpful in resolving the Motion. It focuses on immaterial differences between the Rule 12(b)(6) and preliminary injunction standards while repeating arguments Plaintiffs made in their Response.

The Court should deny Plaintiffs' Motion for Leave.

## ARGUMENT

### I. Legal standard

Complete briefing consists of a motion, a response, and a reply. D.N.M. LR-Civ. 7.1, 7.4(a). Surreplies "are not ordinarily part of the briefing process," and may be filed only with leave of the Court. *Navajo Health Found.-Sage Mem'l Hosp., Inc. v. Burwell*, 110 F. Supp. 3d 1140, 1180 (D.N.M. 2015); D.N.M. LR-Civ. 7.4(b). Accordingly, "[t]he decision to grant or deny leave is committed to the sound discretion of the Court." *El Rio Sol Transmission, LLC v. Sanchez*, No. 1:25-cv-00428, 2026 U.S. Dist. LEXIS 205681, at *4 (D.N.M. Sep. 10, 2026) (quoting *Perna v. Bd. of Cnty. Comm'rs of Cnty. of Bernalillo*, No. 1:22-cv-00292, 2023 U.S. Dist. LEXIS 236896, at *3 (D.N.M. Apr. 10, 2023)).

A surreply may be warranted where the movant "advances . . . new reasons and evidence in support of its motion," such that the nonmovant should be granted and opportunity to respond. *Beaird v. Seagate Tech.*, Inc., 145 F.3d 1159, 1164 (10th Cir. 1998). As this Court has put it, "[a] surreply gives the non-moving party an opportunity to respond to new evidence or argument raised for the first time in the movant's reply." *Flynn v. Colonial Mgmt. Grp.*, No. 1:23-cv-00128-MIS-SCY, 2023 U.S. Dist. LEXIS 195687, at *12 (D.N.M. Oct. 31, 2023) (citing *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005)). Motions for leave that "appear to be no more than an attempt

to get the last word" should be denied. *Williams v. Dollar Gen. Corp.*, No. 6:26-cv-01028, 2026 U.S. Dist. LEXIS 84821, at *7 (D. Kan. Apr. 17, 2026).

In deciding whether to permit a surreply, courts also consider "whether the nonmovant's proposed surreply would be helpful to the resolution of the pending motion." *El Rio Sol*, 2026 U.S. Dist. LEXIS 205681, at *4–5 (quoting *Perna*, 2023 U.S. Dist. LEXIS 236896, at *3). This Court has previously denied leave where "a surreply would not be helpful to the Court's disposition," and where the arguments addressed in the proposed surreply did not alter the outcome. *See Springer v. Seventh Jud. Dist. Ct.*, 716 F. Supp. 3d 1139, 1151 (D.N.M. 2024); *McClanahan v. Perikin Enters., LLC*, No. 1:24-cv-00109-MIS-GJF, 2024 U.S. Dist. LEXIS 66708, at *7 (D.N.M. Apr. 11, 2024).

## II. The Reply raised nothing new.

### A. The Reply's arguments were made in the Motion and answered the Response.

Defendants' Motion to Dismiss argued at length that the label is purely factual and uncontroversial, that it imposes no undue burden on speech, and that the label passes rational basis scrutiny. Mot. at 5–14. Plaintiffs responded to those arguments over nine pages, contending that the Erlenmeyer flask pictogram universally conveys a hazard warning, that the label's message lacks scientific consensus, and that the label is unduly burdensome. *See* Resp. at 4–13. The Reply answered Plaintiffs' contentions head-on and cited the PI Order for contrary propositions, including that "labels with ingredient or process disclosures are factual and uncontroversial under *Zauderer* even where those labels could carry negative connotation for some consumers." *See, e.g.,* Reply at 1 (citing PI Order at 11). That is the ordinary purpose of a reply—"to point out the defects in [the] response." *Green*, 420 F.3d at 1196–97.

Choosing to ignore the Motion's rational basis arguments,[2] Plaintiffs argued only that the label fails heightened scrutiny. Resp. at 13–15; *see* Reply at 5. Now, Plaintiffs argue that the portions of the Reply discussing rational basis (and the PI Order's related reasoning) somehow justifies surreply. But Plaintiffs cannot claim "new" material by declining to respond to an argument and then characterizing the Reply's defense of that argument as a surprise. *See Blinman v. Grisham*, No. 1:23-cv-00431, 2025 U.S. Dist. LEXIS 54600, at *3 (D.N.M. Mar. 24, 2025).

**B. The Reply's citation to the PI Order does not warrant surreply.**

Plaintiffs argue that because "neither [the Motion nor the Response] brief addressed any aspect of the PI Order," any discussion of the PI Order in the Reply "raises matters not addressed in the Motion or the Response." Mot. for Leave ¶¶ 2, 4.

First, a reply does not raise new material when it answers arguments made in the response, even if it cites authority the motion did not cite. *Green*, 420 F.3d at 1196–97; *Lemesany v. Gen. Motors LLC*, No. 19-cv-0658, 2020 U.S. Dist. LEXIS 1393, at *3 (D.N.M. Jan. 6, 2020) (holding that new cases the plaintiff cited in a reply "do not constitute new legal argument because they pertain to a legal issue . . . already raised"); *Mosaic Potash Carlsbad, Inc. v. Intrepid Potash, Inc.*, No. 16-cv-0808, 2020 U.S. Dist. LEXIS 36423, at *4 (D.N.M. Mar. 3, 2020) ("citing new cases to support legal theories already raised in a . . . motion is permissible and does not warrant a surreply."). Thus, even if the PI Order could be considered new authority, its citation in the Reply still would not warrant surreply.

Notwithstanding, the PI Order could hardly be considered new authority. The Reply cited portions of the PI Order employing the same arguments and authorities that Defendants submitted

[2] To the extent Plaintiffs dispute that Defendants made rational basis arguments in the Motion, they are wrong. *See* Mot. at 15-16.

in preliminary injunction briefing and again in the Motion—there is nothing "new" about those arguments or authorities.[3] Put differently, using the *form* of the PI Order to rebut arguments made in Plaintiffs' Response does not mean the *substance* of the underlying argument is new. And in discussing the PI Order's rational basis reasoning, the Reply offered no new argument or authority. *Compare* PI Response at 20–21, Motion at 15–16 *with* Reply at 5–8.

*Perna*, which Plaintiffs cite in their Motion for Leave, illustrates the kind of material that does warrant surreply. There, the court granted leave because the proposed surreply "respond[ed] to several factual contentions raised for the first time in [the] reply," and the reply attached new exhibits. *Perna*, 2023 U.S. Dist. LEXIS 236896, at *4-5. Another decision Plaintiffs cite, *United States ex rel. State Engineer v. A & R Products*, similarly permitted a limited surreply to address an expert affidavit attached to the reply for the first time. No. CV 01-0072, 2021 U.S. Dist. LEXIS 162473, at *13–14 (D.N.M. Aug. 27, 2021); *see* Mot. for Leave ¶ 5. The circumstances here are plainly distinct from those of *Perna* and *A & R Products*.

Surreplies can promote fairness by making sure a nonmovant does not lose a motion on the basis of evidence or legal theories it never had a chance to contest. *Beaird*, 145 F.3d at 1164; *see Perna*, 2023 U.S. Dist. LEXIS 236896, at *3 (a surreply is not appropriate "where a reply does not 'spring upon the opposing party' new grounds for support but merely addresses matters raised in the response" (quoting *Beck v. Univ. of Wis. Bd. of Regents*, 75 F.3d 1130, 1134 n.1 (7th Cir. 1996))). Here, there are no surprises, and fairness does not require departing from the general rule.

[3] For example, for support regarding the factual and uncontroversial nature of New Mexico's label, the Reply cites to the PI Order for the proposition that "labels with ingredient or process disclosures are factual and uncontroversial under *Zauderer* even where those labels could carry negative connotation for some consumers." Reply at 1. The PI Order itself cited *Disc. Tobacco*, 674 F.3d at 569, for support of the same proposition—a case that Defendants briefed as fully in the Motion and at the preliminary injunction stage. *See* Mot. at 8, 11 n.4, 12, 16 (citing *Disc. Tobacco* four times).

Even the proposed surreply implicitly concedes that the substantive arguments have not changed. Surreply at 1. Plaintiffs have had ample opportunity to contest Defendants' arguments regardless of when the PI Order became available.

## III. The proposed surreply would not aid the Court in deciding the Motion.

### A. The Reply did not request new relief or ask the Court to depart from the 12(b)(6) standard.

Nowhere does the Reply argue that the Court should impose some evidentiary standard in deciding the Motion, yet Plaintiffs dedicate roughly half their proposed surreply to explaining differences between the preliminary injunction and Rule 12(b)(6) standards. Surreply at 1–3. Defendants never asked the Court to depart from the Rule 12(b)(6) standard, nor do the Motion or Reply suggest that it should—the Motion seeks relief based on the law. *See also infra* III(B). The proposed surreply (at 1–3) responds to arguments Defendants have not made.

Plaintiffs' contention that surreply is necessary because the Reply "requests a new form of relief" is baseless. *See* Mot. for Leave ¶¶ 3–4; Surreply at 4–5. Again, Plaintiffs distort a footnote in the Reply. *Supra* n.1. Asking the Court to grant the Motion without adopting adverse reasoning from the PI Order *is* argument on the Motion. *Id*.

In arguing that surreply is necessary, Plaintiffs conflate a natural consequence of granting the Motion with a new and separate request for relief from judgment under Rule 60(b). *See* Surreply at 4 (citing *Pueblo of Pojoaque v. Biedscheid*, 689 F.Supp.3d 1033, 1078 (D.N.M. 2023) for the proposition that "reconsideration also is only appropriate [where the cited Rule 60(b) conditions are met]"). Defendants have not filed a Rule 60(b) motion. And Rule 60(b) imposes no limits on a district court's power to lift a preliminary injunction when the underlying bases for the injunction no longer exist, nor does Rule 60(b) constrain a district court's broad authority to independently reevaluate "every order short of a final decree." *Moses H. Cone Mem'l Hosp. v.*

*Mercury Constr. Corp.*, 460 U.S. 1, 12-13 (1983); *cf. Pueblo of Pojoaque*, 689 F.Supp.3d at 1081-83 (discussing a district court's broad power to independently reconsider interlocutory orders and reasoning).

At bottom, the Reply's mention of the Court's equitable power to dissolve the injunction acknowledges the inherent relationship between the Motion and the PI Order: Dismissal of Plaintiffs' First Amendment claim, as requested in the Motion, would necessarily result in the loss of grounds upon which the preliminary injunction stands. *Rutherford*, 806 F.2d at1461-62 ("The issue underlying the injunction, however, has been decided in favor of [Defendants], and the purpose of the injunction no longer exists"). The footnote does not request new or separate relief. Briefing that addresses non-issues is unhelpful, and the purported grounds for surreply are illusory.

**B. The proposed surreply repeats arguments Plaintiffs made in their Response.**

"Repeating [argument] in a surreply would not meaningfully assist the Court." *Mosaic Potash*, 2020 U.S. Dist. LEXIS 36423, at *6–7. The proposed surreply does just that.

First, the proposed surreply recites the 12(b)(6) standard and then argues that Plaintiffs' Complaint plausibly alleges a First Amendment claim. Surreply at 1-3. But Plaintiffs' Response already recited the 12(b)(6) standard, argued that the Complaint states a plausible First Amendment claim, and even cited the same case authority in *Cressman*. *Compare* Surreply 1–3 (internal citation omitted) *with* Resp. at 3–4, 7. The proposed surreply clearly repeats arguments and authority already submitted in the Response, outing itself as an attempt to get the last word.

The proposed surreply's discussion of general differences between the 12(b)(6) standard and the preliminary injunction standard is also unhelpful because those differences do not change the outcome of this particular Motion. *See Springer*, 716 F. Supp. 3d at 1151. Many of the purely legal propositions that this Court employed in its PI Order can also be applied to grant the Motion

now, especially where rational basis scrutiny—a bar that can easily be met on the law alone—appears to be the only barrier to dismissing Plaintiffs' First Amendment claim. *See* Reply at 5–8.

Next, the proposed surreply's rational basis argument does nothing but quote the PI Order's reasoning. Surreply at 5. This Court is familiar with its own orders and reasoning, and the proposed surreply is therefore unhelpful in its repetition—disregarding that Plaintiffs had ample opportunity to make those arguments in their Response, and that Plaintiffs are wrong on the law as well. *Compare* Surreply at 5 ("Defendants were trying to have it both ways, by insisting that the label is not a warning for *Zauderer*'s first two prongs, but then treating it as a warning for the rest of the standard") *with* Reply at 6-7 ("the first prong looks only at what the label *says*, but the rational basis inquiry looks more broadly at what the label *does*").[4]

Plaintiffs additionally argue that the "brevity and focused nature" of the proposed surreply supplies a basis for leave. Mot. for Leave ¶ 6. It does not. The question is whether the Reply raised new material worthy of additional briefing, not whether the proposed surreply is short.

**CONCLUSION**

The Court should deny Plaintiffs' Motion for Leave.

Respectfully submitted,

RAÚL TORREZ
Attorney General

JAMES C. KENNEY
Secretary of Environment

---

[4] The law *does* allow Defendants to "have it both ways." Again, courts addressing the first steps of the *Zauderer* inquiry look only at an ingredient disclosure's message, not to extraneous evidence of the disclosure's intent or cursory allegations regarding how the ingredient disclosure might be construed. But once a court decides heightened scrutiny does not apply, it more broadly assesses how the ingredient disclosure can further the government interests, which naturally requires looking at more than just what the label says. *See* Reply at 5-8 (discussing authorities).

/s/Alexander W. Tucker
ALEXANDER W. TUCKER
*Director of Environmental Protection*
New Mexico Department of Justice
201 Third St. NW, Suite 300
Albuquerque, NM 87123
505-490-4060
atucker@nmdoj.gov

DANIEL AHRENS
*Assistant Solicitor General*
ESTHER C. JAMISON
*Assistant Attorney General*
New Mexico Department of Justice
408 Galisteo Street
Santa Fe, NM 87501
505-490-4060
dahrens@nmdoj.gov
ejamison@nmdoj.gov

*Counsel for Defendants Raúl Torrez and James C. Kenney*

GREGORY S. SMITHKIER
*Assistant General Counsel*
*Special Assistant Attorney General*
New Mexico Environment Department
Office of General Counsel
1190 South St. Francis Drive
Santa Fe, New Mexico 87505
505-531-7736
gregory.smithkier@env.nm.gov

*Counsel for Defendant James C. Kenney*

CHAD E. MOLNAR
*Associate Attorney*
Kanner & Whiteley, L.L.C.
701 Camp Street
New Orleans, LA 70130
504-212-1753
cmolnar@kanner-law.com

*Counsel for Defendant James C. Kenney*

**CERTIFICATE OF SERVICE**

I certify that on October 13, 2026, I served the foregoing on counsel of record for all parties via the CM/ECF system.

*/s/ Alexander W. Tucker*
Alexander W. Tucker