**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

AMERICAN CHEMISTRY COUNCIL, ALLIANCE FOR AUTOMOTIVE INNOVATION, AMERICAN COATINGS ASSOCIATION, ASSOCIATION OF HOME APPLIANCE MANUFACTURERS, NATIONAL ASSOCIATION OF MANUFACTURERS, NATIONAL ELECTRICAL MANUFACTURERS ASSOCIATION, NATIONAL FEDERATION OF INDEPENDENT BUSINESS, INC., NEW MEXICO RETAIL ASSOCIATION, and POWER TOOL INSTITUTE,

*Plaintiffs*,

v.

JAMES C. KENNEY, *in his official capacity as Secretary of New Mexico Environment Department*; and RAÚL TORREZ, *in his official capacity as Attorney General of New Mexico*,

*Defendants*.

Case No. 1:26-cv-02130-MIS-SCY

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SURREPLY IN SUPPORT OF OPPOSITION <u>TO DEFENDANTS' MOTION TO DISMISS</u>**

Defendants spend ten pages urging this Court not to even accept Plaintiffs' five-page surreply for filing. It is telling that, in effect, they want the opportunity to address the interplay between their motion to dismiss and the Court's later-issued preliminary injunction decision, while denying any similar opportunity to Plaintiffs. In the end, they give no valid reason why the Court

should not accept Plaintiffs' surreply, which was limited to addressing (1) Defendants' arguments based on this Court's preliminary injunction decision, which came out after Plaintiffs' motion to dismiss opposition, and (2) Defendants' request that the Court *sua sponte* reconsider its preliminary injunction decision based on the arguments in the motion to dismiss briefing.

Plaintiffs submit this reply only to emphasize a few points. First, Defendants are wrong when they assert (at 3) that "[e]very issue discussed in the Reply—whether New Mexico's PFAS label is factual and uncontroversial, unduly burdensome, or rationally related to the State's interests—was presented in Defendants' Motion and in prior briefing at the preliminary injunction stage." As Plaintiffs' surreply explains, Defendants' reply misdescribes this Court's preliminary injunction decision and requests that the Court *sua sponte* reconsider that decision. And that decision came out *after* Plaintiffs' opposition to the motion to dismiss, so Plaintiffs (unlike Defendants) did not previously have a chance to address it. It is entirely reasonable for Plaintiffs to be given a few pages to do so, as precedent cited in Defendants' opposition confirms. *See* Opp. at 4 ("A surreply may be warranted where the movant 'advances . . . *new reasons* and evidence in support of its motion,' such that the nonmovant should be granted an opportunity to respond." (quoting *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998)) (emphasis added)).

Second, Defendants' opposition glosses over the fact that their reply mischaracterized the Court's preliminary injunction decision as having already finally decided the "purely factual" and "uncontroversial" prongs of *Zauderer* in their favor. *See* Surreply at 1-2 (quoting Reply at 1). The Court's preliminary injunction decision certainly did not reach any conclusions under the stringent Rule 12(b)(6) standard, but instead was focused on evidentiary issues (*i.e.*, how are consumers actually likely to interpret the label) that can be addressed during discovery. *See id.* at 3-4. Put

differently, whether a label is "purely factual" and "uncontroversial" is not a "purely legal" question, as Defendants now argue (at 9-10), and the Court certainly did not approach it that way in the preliminary injunction decision. Indeed, Defendants once again have no substantive response to the Tenth Circuit's controlling precedent in *Cressman v. Thompson*, 719 F.3d 1139, 1154 (10th Cir. 2013), which reversed a district court's dismissal order for failing to credit a complaint's allegations concerning how an image would be construed by members of the public. Defendants complain (at 9) that Plaintiffs already addressed *Cressman* in their opposition, but that misses the point: Plaintiffs raised *Cressman* again in their surreply because Defendants, for the first time in their reply and without acknowledging *Cressman*, asked the Court to treat rulings in the newly-issued preliminary injunction decision as controlling for purposes of a Rule 12(b)(6) motion to dismiss. That is an invitation to legal error under *Cressman*.

Third, Defendants' repeated assertions (*e.g.*, at 6-7) that this Court decided the preliminary injunction motion by applying "rational basis reasoning" are wrong too. As the proposed surreply explains (at 4-5), the Court did *not* apply mere "rational basis reasoning." It explained at length that *Zauderer* "asks something slightly more" than the rational basis test: "whether there is a reasonable fit between the means the state employs to achieve the end, *i.e.* the state interest, and whether the compelled speech is not so unjustified or unduly burdensome that it chills protected commercial speech." Doc. 46 at 8 (quotations and citations omitted). This Court could not have been clearer when it described another court as "commenting that *Zauderer* does not set forth a rational basis review, but rather requires a 'reasonable fit' between means and end." *Id.* (quotations and citation omitted). The Court then found that Defendants were unlikely to meet *their* burden of proving a reasonable fit. *Id.* at 22 ("there is no such reasonable fit between the Regulation and

the state interest"). The Court never even reached the "unjustified" and "unduly burdensome" elements of the test. None of these are issues that can be decided "on the law alone" at the motion to dismiss stage, as Defendants argue (at 10). And in any event, this only matters if the label passes the "purely factual" and "uncontroversial" standards, which Defendants cannot establish under the Rule 12(b)(6) standard and *Cressman*.

Finally, Defendants' opposition appears to clarify (at 3-4) that they do *not* want the Court to reconsider its preliminary injunction decision if the Court *denies* their motion to dismiss, but only if it *grants* their motion to dismiss. While that is a welcome clarification, in that hypothetical situation, the fate of the preliminary injunction pending any appeal by Plaintiffs still should be decided following additional briefing and argument, not on the basis of a footnote request by Defendants for *sua sponte* reconsideration.

For these reasons, and those given in Plaintiffs' motion for leave, the Court should allow Plaintiffs to file their proposed surreply.

Dated: October 27, 2026

Respectfully submitted,

*/s/ John C. Anderson*
JOHN C. ANDERSON
**HOLLAND & HART LLP**
215 Lincoln Ave., Suite 100
Santa Fe, NM 87501
Phone: +1 505 988 4421
jcanderson@hollandhart.com

KEVIN P. MARTIN (*pro hac vice*)
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
Phone: +1 617 570 1000
KMartin@goodwinlaw.com

BRIAN T. BURGESS (*pro hac vice*)
ANDREW KIM (*pro hac vice*)
CASSANDRA SNYDER (*pro hac vice*)
**GOODWIN PROCTER LLP**
1900 N Street NW
Washington, DC 20036
Phone: +1 202 346 4000
BBurgess@goodwinlaw.com
AndrewKim@goodwinlaw.com
CassandraSnyder@goodwinlaw.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2026, a true and correct copy of the foregoing was electronically filed and served on all parties of record via the Court's CM/ECF system.

*/s/_John C. Anderson__*
JOHN C. ANDERSON

40051121_v1